Good morning, excuse me, good morning, your honors, if it pleases the court. My name is Paul Andrews, I represent the plaintiff, Daniel Neelon, in this matter, or the appellant, I should say, I'm sorry. And I would like to reserve two minutes for rebuttal if I could. Thank you. The plaintiff, in evaluating the decision of the district court, both in terms of the record evidence before and controlling Ninth Circuit case law, is clear that in granting the defendant's motion to dismiss for foreign nonconvenient, the district court abused its discretion in numerous ways. First of all, it failed to address or even account for the presumption of substantial deference that should be given to a U.S. plaintiff's decision, chosen form. As this court noted in the Boston Telecommunications case, that level of substantial deference would apply whether or not the plaintiff was a California resident or simply a U.S. resident. And what, I mean, it's a very peculiar case. Because, in fact, in terms, if convenience means what it usually means, i.e., how much trouble is there going to be to try the case there, this guy was going to be a lot less inconvenienced in Toronto than he was going to be in Los Angeles. Well, it is one of those cases where, frankly, someone is going to be inconvenienced somewhere. But the plaintiff, I mean, the plaintiff lives in Massachusetts, but he doesn't live in Mongolia, right? That's correct, Your Honor. All right. So in terms of where he could get to more easily with less trouble, Canada would seem to be it. Why not Massachusetts? There was a question about personal jurisdiction over Mr. Barty and Forbes in Manhattan and Massachusetts. We, the plaintiff felt that because Mr. Barty was a California resident, and still is, and that Forbes in Manhattan is located in California, there would not be a question of personal jurisdiction by pursuing the action in California. Clearly, it would be. Doesn't it really not matter what we think would be a good forum or what the defendants think or what Judge Real thought would be a good forum? Isn't your point that the plaintiff has the right to choose his forum and that once he does that, then substantial deference is owed by the court to the choice, to the plaintiff's choice of forum? And that's the question, isn't it, whether substantial deference was given by the court? That's correct, Your Honor. That's not plaintiff's point. That is just simply controlling case law in the Ninth Circuit. And there is absolutely nothing in the opinion that was issued by Judge Real to indicate that he even considered that fact. It wasn't addressed. It wasn't analyzed. It was just a nullity, it appears. In fact, it seems like the burden was flipped in this case. Instead of assuming that the plaintiff's choice of forum should prevail unless the defendant could essentially prove, using the public interest factors and the private interest factors that are outlined in the case law, that it is an inconvenient forum under those tests. It seemed to flip into the plaintiff has to prove that this is the most convenient forum, and here's a lot of reasons why Canada or Mongolia might be a more convenient forum. It seemed to become more of a debate about, well, which forum would be more convenient? The documents are here, the witnesses are there, maybe this looks a little better, Canada looks better, whatever. That is apparently what it morphed into, Your Honor, and that is correct, and that is exactly what the case law says should not happen. However, as the defendants repeatedly cited in their briefing materials, the argument kept coming back to, well, it is not convenient for the defendants to litigate in Los Angeles as opposed to Toronto or Mongolia, when in fact the question is, is it so oppressively vexatious and inconvenient for them to litigate here as opposed to anywhere else? And I think you're correct in that assumption. That's what happened. And it's not that – I suppose it could be that it is a nonconvenient forum, and because your point, I think, is that the trial judge just didn't go through the factor analysis, so there's no – there's not a basis for knowing whether it's a nonconvenient forum, right? Is that not a correct statement of your position? That is a partially correct statement, Your Honor, only in the sense that, yes, there is nothing in the record to indicate what type of analysis the court went through. However, what we said was if the court did go through the evidence that was in front of the court at the time, the decision would be incorrect as well. So are you asking us to hold that – to reverse outright or to remand for further explication? Your Honor, we believe that on the record before – that was before the district court, reversal would be appropriate. And is this a one-shot deal? What if they came back now with better evidence, or if they made a new motion with better evidence? Can they do that? Candidly, Your Honor, based on the parallel litigation that's gone on in Massachusetts, the better evidence for establishing that the forum nonconvenient is inappropriate would be developed on the plaintiff's side, not the defendant. What is going on in Massachusetts? With respect to the litigation, Your Honor? Parallel litigation. That's correct, Your Honor. With what's happened in Massachusetts, the defendants initially filed a motion to dismiss for lack of personal jurisdiction. That was – they lost on that based in part on the finding that this is an intentional tort where the conduct was directed toward Massachusetts. Discovery has proceeded. The defendants, after two years, filed a motion to dismiss for forum nonconvenient. Just, I believe it was last Friday, the court issued a decision denying that, holding that neither Canada or Mongolia was an adequate forum and also that the balance of public and private interest factors weighed against dismissal. I was wondering what the – it wasn't really discussed very much below, but I was wondering what the – how much the fee structure and the amounts of money that you have to pay to the courts in Canada and Mongolia just to proceed in those jurisdictions affected the decision to file in the United States? It had quite an impact, Your Honor. Excuse me. Initially, when the plaintiff had presented his materials on that, relying on information from Canadian counsel, my understanding was they actually cited to the wrong portion of, I believe it was Ontario or Quebec law. Had we had a chance to present a surreply, we would have clarified that issue. That, in fact, in Canada and in Mongolia, you do have to post – you run the risk of posting a substantial bond. Also, at the time that the action was initiated up in Quebec, that, I believe, was in August of 2011. Before that – and many of the defamatory statements, such as the September 23 press release, which specifically targeted the plaintiff as a United States lawyer and went after his business activities in Massachusetts, that happened after the Canadian litigation took place. And also, there was more developing of evidence of the role of these particular defendants in that. So, put all those factors together and the decision was made that it would be more appropriate and just to bring the case here in Los Angeles as opposed to maintaining the litigation in Quebec. Which, by the way, is also not the home forum of the defendants. It's probably worth pointing out as well. All right. Does anybody else have any questions? You might have reserved the rest of your time. Yes, Your Honor. If the court please. Thank you. Good morning, Your Honors. Andrew Brettler of Laidley and Singer for defendants' appellees. May it please the court. The legal standard under the Piper Aircraft case is abusive discretion. And I don't believe that my colleague to my left has shown that the district court judge abuses discretion in going through several of the factors set forth in the public and private interest factors that need to be looked at and also in its determination that either Canada or Mongolia would be adequate alternative for. And to address a few of the questions that the court raised to my colleague at the outset regarding the place that the plaintiff chose, the plaintiff selected forum here. My colleague cites to Boston Telecom. However, that case does not support plaintiff's position that the plaintiff's choice of forum should be given great deference regardless of whether the plaintiff is from this forum. In that case, there actually were ties to California, unlike here. In Boston Telecom, some of the negotiations over the financial dispute in that case occurred in California. In this matter, Your Honors, there's absolutely no ties to California whatsoever. So are you suggesting that a plaintiff's choice of forum is owed no deference by the court unless he or she can show that either the events took place in California or the forum or the forum has some other definable interest? And if that's your position, what's the law that supports that? It's not exactly my position, Your Honor. The position is that if the plaintiff chooses his own forum, and in this case that would be Massachusetts or Mongolia, that would be entitled to substantial deference under the case law. However, choosing a forum that has no ties to or choosing a forum that the litigation is not involved in at all is not given substantial deference. And the citations for that, Your Honor, you can look at Lueck and you can also refer to the air crash over Taiwan Straits where the court actually made a distinction saying that the proper comparison would be between California and Taiwan not between the United States and Taiwan because the incident took place in California or in Taiwan not necessarily because the incident took place in the United States. So the fact that... Lueck, L-U-E... L-U-E-C-K. All right. And also an air crash over Taiwan Straits. And are those Ninth Circuit cases? Ninth Circuit cases, Your Honor. I would just like to remind the Court that this case is about an alleged statement that was issued from Canada by a resident and citizen of Canada, a resident of Toronto and citizen of Canada issued into Mongolia about a Massachusetts resident who at the time also resided in Mongolia. The plaintiff's argument that this case has ties to California because Mr. Barty's wife may own a home in California... Hugh, you're shifting the balance. I mean, I'm reading from our most recent decision on this thing where it says, when the district court fails to hold a party to its burden of making a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience or when it fails to consider the relevant private and public interest factors and misconstrues others, then it abuses its discretion. So you had the burden of showing that it was so oppressive and vexatious to your clients and also that the court was supposed to have weighed the public and private factors which it didn't really do. So you're now saying, well, he has the burden, but that's not our case law. No, Your Honor. I'm not putting the burden on the plaintiff. What I'm saying is we did have the burden to show that this forum would be inconvenient in light of other alternative forums. What record evidence did you put on about any of this? About what, Your Honor? About the inconvenience. We put on the evidence that, and we submitted the evidence that all of the witnesses resided outside of the United States with the exception of plaintiff himself. Plaintiff in Massachusetts is the only U.S. witness that was identified in the papers. We put in evidence that the documents in this case would be in Mongolia and or in Canada or possibly with the plaintiff in Massachusetts. We put in evidence that our client, defendant, was a resident of Toronto and that was domiciled in Toronto, that his wife may own a home here. However, that is just an irrelevant red herring that plaintiffs latched onto. And we believe that the district court examined that evidence and the district court determined that both Canada and Mongolia would be adequate alternative forums, did not abuse its discretion in coming to that conclusion, and did weigh the relevant public and private interest factors and balance them. They don't have, the district court judge did not have to address all of the factors. In fact, in Lueck and in Judge Wardlaw's position in Carajano, the court only, the district court only examined several. I think it was three or four factors in each of those cases that they don't need to look at. In Carajano, we reversed the district court. Understood. The district court in Lueck and in Carajano only examined several of the factors and in the Ninth Circuit's opinion in Carajano, the court only discussed three or four of the public, I'm sorry, of the private interest factors and two of the public interest factors. The court is only required to look at the relevant factors. It doesn't have to look at all of the factors. And here The district court didn't consider any public interest factors, did it? The district court said in its opinion that it did. The district court wrote The public and private factors weigh in favor, but it didn't analyze any of the public factors. Yeah. Expressly stated, you're correct, Judge Berzon. The district court just said on balance the public and private interest factors weigh in favor of dismissal. So we have to assume that the district court did look at all of those factors. However, it only discussed the relevant or most important ones. And in this case it would be where the witnesses are, where the evidence is, where the plaintiff and the defendant both are, where the parties are. And the court is within its discretion to make that decision and decide which factors are relevant and give them the proper weight. The fact Is there any evidence of congestion as to the congestion of courts in Mongolia or Canada? We cited and unfortunately we were not counseled below so I was constrained to the record but we cited evidence of congestion in the California courts but not in Mongolia and or Canada. That wasn't in the record below. We did cite case law that the courts here are overburdened but we were not able to submit any expert testimony as to the level of congestion in the foreign forums. The point that I would just like to stress is that there really are no, there is no reason for this case to proceed in California in the central   the fact that this is a clear forum shopping on the part of the plaintiff. They want, they had originally thought that this was a clear   of the plaintiff and they filed their case in Canada. That case proceeded for a short time and then the plaintiff dropped out of that case. It's still proceeding there with other parties. The plaintiff had every right to continue in that action. In fact, now my client is trying to maintain that action there. But it didn't want to. It wanted the benefit of U.S. law. It wanted the benefit of U.S. discovery.  a U.S. jury. And with respect to that, I mean, he's a U.S. citizen, right? So, I mean, you make it sound like there's something sort of outrageous about a U.S. citizen wanting to have his case litigated in a U.S. court as opposed to Mongolia. That doesn't seem like such an outrageous thing to me. It wouldn't be outrageous if he was a citizen in the Central District here. However, his only claim for why he alleges he's damaged here is Plaintiff is an attorney admitted to the bar in Massachusetts and I believe inactive in Texas. He's alleging that one day he might want to have a California practice and this could disrupt his possibility of having a California practice or he has advised clients in the past on bond issues or other financial matters involving California law. And that's not good enough. That's taking advantage and that's forum shopping. People forum shop all the time. They decide what forum makes the most sense. Again, it seems like A, he wants to bring the suit in the United States.    a part of the case. We're not arguing whether plaintiff would've been able to survive a motion to dismiss under 12b two. We're here to discuss whether or not this forum  convenient for the parties to litigate the case and whether or not the forum was a reach by plaintiff to come out here and forum shop for the court to do that. And they agreed to do that. In fact, plaintiffs filed an amended order asking the court to impose that condition and the court did. The other conditions were that the defendants waived the statutes of limitations. They did. Another condition was that the plaintiffs were within the district court's discretion to do and it properly did so proving that there is an adequate alternative forum in either Canada or Mongolia and that the  did that. The only overlap at this point is the fact that Mr. Nilan is involved in both of those cases. My client is not a party to that case. Obviously, it's decided under different jurisdiction law. However, there may be some overlap with facts and    overlap. I would like to make a few points, Your Honor. First of all, the reason the district court in Massachusetts did not impose any conditions is because plaintiff won that case and there was no need for the district  impose  conditions. That's correct, Your Honor. You didn't mean he won the case.  That's what you said. Something that the district court completely disregarded and there was evidence put before the court is that Mr. Barry, his wife does not just own a house here, he is a self-declared California resident. Under corporation code section 1502, if an individual declares himself to be the agent of the service of process for a company that is not   Mr. Barry, you are saying that you are a resident of this state and or that you regularly conduct business here. So quite frankly, what the plaintiff has done if one wants to call it forum shopping, we have forum     shopping. To clarify another point, this whole question of this statement was somehow issued in Mongolia. This was issued over a press release service known as Market Wire, which has an office here in Los Angeles. It was disseminated through that as a press release. It is readily available to anyone with Internet access. There is already a finding in the District of Massachusetts that the conduct by defamation was targeted at the plaintiff to harm his reputation in Massachusetts. It is an intentional tort and it is not some, you know, it's the defendants like to portray some    the plaintiff. And  Judge Smith correctly  it's fair for a U.S. resident to seek redress in a U.S. court. And to address a point that Judge Berzan made earlier in terms of whether we would find ourselves back here again with the record  that's developed. A couple of points to that if I may, Your Honor. One of them is that almost the day after the hearing concluded in the District Court in this matter, we were able to locate an actual statement signed by Mr. Barty verifying that he is a service process and by doing so that he was a resident of California which is an absolutely critical private interest factor. Also evidence has developed that there were in fact meetings related to the activities in this case that took place in California. So if that was a concern of the court, I don't think we'd be here again, at least certainly not on this basis. All right. Well, thank you, counsel. Thank you. Nilan versus Barty will be submitted.
judges: Smith, Wardlaw, Berzon